TORRES *v.* LA SOCIEDAD ANÓNIMA TRANVÍA DE MAYAGÜEZ.

APPEAL from the District Court of Mayagüez.

No. 792.—Decided April 10, 1912.

COMPLAINT—ANSWER—ALLEGATIONS OF COMPLAINT NOT DENIED IN ANSWER.—
   Although according to section 132 of the Code of Civil Procedure every material allegation of the complaint not denied in the answer is taken as true for the purpose of the suit, there is no provision of law requiring the trial court to designate prior to the trial what facts alleged in the complaint have not been denied in the answer.

ANSWER TO COMPLAINT—IRRELEVANT ALLEGATIONS—DEFECTIVE ANSWER.—Where the answer is defective and does not constitute a good defense the plaintiff may move for a judgment on the pleadings. If any part of the answer is irrelevant or redundant a motion to strike out should be made. Where any of the material allegations of the complaint have not been denied in the answer the plaintiff may decline to present proof as to them and consider them as having been admitted by the defendant.

CONTRARY EVIDENCE—FINDINGS OF TRIAL COURT—PARTIALITY, PASSION, OR PREJUDICE.—Where the evidence is contrary the findings of the trial court will not be disturbed on appeal unless it be shown that it acted with partiality, passion, or prejudice, or had committed manifest error of law or of fact.

The facts are stated in the opinion.

*Mr. José Sabater* for appellant.

*Mr. Fernando Vázquez* for respondent

MR. JUSTICE MacLEARY delivered the opinion of the court.

This action was brought for the recovery of $2,500 damages alleged to have been sustained by reason of personal injuries occasioned by the negligence of the defendant. After the trial in the district court judgment was rendered in favor of the defendant, dismissing the complaint and awarding the costs against the plaintiff. From this judgment an appeal was prosecuted and the case was heard in this court on the 15th of last month on written briefs filed by the respective parties. In his brief the appellant, who was the plaintiff below, specifies three errors which we will consider in the order in which they are presented:

I. It is alleged that the District Court of Mayagüez erred in refusing to inspect the pleadings of the parties and to determine, before the evidence was presented, whether or not the allegations of fact contained in the complaint were properly denied in the answer, so as to require proof thereof. It appears from the record that the plaintiff's attorney, before the introduction of the evidence, presented an oral motion to the court requesting the judge to take the action indicated in the specification of errors, which he declined to do on the ground that the law is clear requiring that all facts stated in the complaint which had not been denied in the answer are considered as admitted and it is idle to specify what facts

are not denied by the answer. To this ruling of the court plaintiff duly took exception.

It is true that section 132 of our Code of Civil Procedure provides that every material allegation of the complaint not controverted by the answer must, for the purposes of the action, be taken as true; but we have no statute requiring the trial court to designate, prior to the trial, what facts alleged in the complaint are not controverted by the answer. This section of our Code of Civil Procedure was taken from sections 332 and 333 of the similar Code in the State of Idaho, which is an exact copy of section 462 of the California Code of Civil Procedure. The question here presented was decided by the Supreme Court of California more than 40 years ago, in the case of *Gay* v. *Winter,* 34 Cal., 160-161.

Mr. Justice Sanderson in a very lucid opinion delivered in that case, says:

"The plaintiff is entitled to an explicit denial of the material allegations of the complaint or an admission of their truth, either by direct statement or by silence. He is not bound to act at his peril and judge for himself of the sufficiency of the denials, and then stand or fall according to the subsequent judgment of the court, nor is he bound to treat bad denials as good in order to avoid an adverse decision upon them at some subsequent stage of the proceedings. His right to an explicit denial or admission is a substantial one, secured to him not only by the express provisions of the statute, but by the plainest principles of logic which underlie the science of pleading. If this right is not voluntarily conceded by the defendant and his answer framed accordingly, it is the duty of the court, in some way, to enforce the right."

The opinion continues on the same page as follows:

"Where the plaintiff claims that all the denials are bad, if the answer contains no new matter, he may test the sufficiency of the denials by a motion for judgment upon the pleadings, or by motion to strike out the answer on the ground that it is sham. If some of the denials are deemed good and the others bad he may move to strike out the latter. We consider that this practice is authorized by

the fiftieth section of the practice act, which provides that 'sham and irrelevant answers and defenses, and so much of any pleading as may be irrelevant, redundant, or immaterial, may be stricken out, upon motion, upon such terms as the court, in its discretion, may impose.' Answers consisting of denials which do not explicitly traverse the material allegations of the complaint, we hold to be, so far, sham and irrelevant within the meaning of the statute.''

The fiftieth section of the practice act of California, alluded to in the foregoing paragraph, is the same as section 453 of the California Code of Civil Procedure which is identical with section 123 of the Porto Rican Code of Civil Procedure which reads as follows:

"Sham and irrelevant answers, and irrelevant and redundant matter inserted in a pleading, may be stricken out, upon such terms as the court may, in its discretion, impose.'' Sess. Acts of 1904, p. 219.

If the answer of the defendant was subject to the criticism offered by the plaintiff and he desired a ruling thereon, he should have presented the matter to the court in a proper manner—that is to say, that if the whole answer was bad and afforded no defense, he could have moved for a judgment on the pleadings and if any part of the answer was irrelevant or redundant, he could have moved to strike out the same upon such terms as the court might, in its discretion, impose, or if he saw fit to take that course, he could have declined to present proof upon such portion of his complaint as had not been properly answered by the defendant and was, therefore, considered as admitted under section 132.

It is not a proper practice for the court to consider and decide questions of this nature before beginning the trial, because the law does not require it and the court may thereby in a measure prejudge the case before hearing the evidence. The first specification of error is, therefore, held to be unfounded.

II. The second and third specifications of error may be considered together. They being consolidated are substan-

tially to the effect that the trial court erred in weighing the evidence adduced on the trial and, on finding the same contradictory, in deciding against the plaintiff because he had not brought evidence sufficient to convince the mind of the defendant's culpable negligence.

The testimony of the witnesses adduced by the respective parties was clearly and irreconcilably contradictory. The plaintiff himself and his witnesses declared that the injury occurred in the following manner: That on March 24, 1910, between 10 and 11 o'clock in the morning, the plaintiff set out from the house of Constantino Barletta, situated on the Street of Méndez Vigo, Mayagüez; that the street car had already begun its journey towards the Playa; that the plaintiff beckoned to the car to stop and it stopped about two meters before arriving at a telephone post which was there between the houses of Riera and Basora; that the plaintiff stopped the car and when he put his foot upon the running board the car immediately started again and one of its curtains wrapped around the plaintiff who on that account was not able to catch hold of the arm of the seat and was thrown against the post, losing consciousness by reason of the stroke which he received on the right side of the face; and that the telephone post referred to, when the car passed it, was distant from the running board about thirty centimeters.

The witnesses for the defendant, on the other hand, testified that the plaintiff, Rafael Torres, boarded the car that day and sat down on the back seat between two passengers, a man and a woman, and that without requesting the car to stop he stepped out upon the running board and poked out his head and came in contact with the post thus causing the injury.

The judge of the court, on motion and agreement of the counsel, made a personal inspection of the locality where the injury occurred, observing and reporting in his opinion that the post in question, when the street car passed the same, was pretty near to the running board; but that a person on foot

standing erect on the running board could pass without touching the post.

These constitute the essential facts testified to and put in evidence in this case. Evidently the trial judge was bound to believe one statement and to reject the other because they are irreconcilable and cannot both be true. Having all the witnesses before him and being able to estimate their credibility by their appearance, character, manner of testifying, interest in the result of the suit and other circumstances surrounding them, he was better qualified to determine which of them was worthy of belief than any other person could be, who had not the same facility for forming an opinion on the subject. Of course, if this court on reviewing the evidence, as in duty bound it is required to do, should find that the trial judge in weighing the same had been influenced by partiality, passion or prejudice or had fallen into a manifest error of law or fact in arriving at his conclusion, there would be no hesitation in setting aside his findings and reversing the judgment. But we have examined with care all the testimony given on the trial, as contained in the record, and have carefully weighed the circumstances surrounding the case and we find nothing in the transcript to warrant us in the conclusion that the trial court was influenced by any improper motive or fell into any material error, in weighing the evidence and making his findings of fact and we concur in the same and believe with him that the weight of the evidence is in favor of the defendant and, therefore, decline to disturb the conclusions at which he arrived. For these reasons we find no merits in the second and third specifications of error.

The action in this case is evidently founded upon section 1803 and the 4th paragraph of section 1804 of our Civil Code. Taking all the evidence together, as set out in full in the record, we cannot find any basis for a decision that the injuries received by the plaintiff were due to any fault or negligence of the defendant or its agents, servants or employes; and after a careful examination of all the legal propositions cited in

the authorities produced by both parties and after consideration of all the arguments adduced in their brief, we are of the opinion that the judgment of the court below, rendered in this case on September 19, 1911, should be in all things affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.